# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF NORTH CAROLINA
# GREENSBORO DIVISION

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Justin Keith Beddingfield, and | ) | Case No: 24-10497 |
| Brandi Christine Beddingfield | ) | |
| | ) | |
| Debtors | ) | Chapter 13 |

## DEBTORS' RESPONSE TO MOTION TO WITHDRAW AND REQUEST FOR REVIEW AND REDISTRIBUTION OF ATTORNEY FEES

NOW COME Justin Keith Beddingfield and Brandi Christine Beddingfield (the "Debtors"), appearing pro se, and respectfully respond to the Motion to Withdraw filed by B. Peter Jarvis ("Mr. Jarvis"). The Debtors do not oppose withdrawal; however, they respectfully request that this Court review the attorney's fees paid to or designated for Mr. Jarvis and order appropriate redistribution pursuant to 11 U.S.C. §§ 329 and 330.

### I. RESPONSE TO MOTION TO WITHDRAW

The Debtors do not object to Mr. Jarvis' withdrawal as counsel in this Chapter 13 proceeding and respectfully request that the Court grant the Motion to Withdraw.

### II. FACTUAL BACKGROUND

1. The Debtors filed their Chapter 13 petition on August 8, 2024. Mr. Jarvis represented the Debtors throughout the pendency of the case and prepared and filed the Petition and related bankruptcy documents.

2. During the bankruptcy case, the Debtors were involved in a related Summary Ejectment action in Guilford County, North Carolina (File No. 25CV004743-400).

3. In that proceeding, factual disputes arose concerning actions and filings prepared by Mr. Jarvis in the bankruptcy case that were directly relevant to issues before the state court.

4. Prior to issuance of a subpoena, the Debtors requested that Mr. Jarvis voluntarily appear as a material witness in the Summary Ejectment matter to testify regarding filings and actions he prepared in this bankruptcy case. Mr. Jarvis declined to appear voluntarily.

5. Following this refusal, the Debtors posted negative Google Reviews concerning Mr. Jarvis' representation, specifically relating to his refusal to support or explain filings he had prepared in their bankruptcy case.

6. Shortly thereafter, Mr. Jarvis contacted the Debtors by telephone and requested that the Google Reviews be removed. During that conversation, Mr. Jarvis represented that he would "help in any way possible" if the reviews were removed.

7. Relying upon that representation, the Debtors removed the Google Reviews.

8. Subsequently, when the Debtors informed Mr. Jarvis of a court date in the Summary Ejectment matter and again requested his appearance as a material witness, Mr. Jarvis refused to appear voluntarily and stated that he would only attend if formally subpoenaed.

9. The Debtors thereafter caused a subpoena to be issued. Mr. Jarvis moved to quash the subpoena, and the state district court granted the motion. The ruling is presently set to be reviewed by the North Carolina Court of Appeals.

10. The Debtors contend that Mr. Jarvis' testimony was necessary to establish facts concerning his professional conduct and filings in this bankruptcy case and that those facts were not reasonably available from another source.

### III. PROFESSIONAL CONDUCT CONSIDERATIONS

The Debtors reference the following provisions of the North Carolina Rules of Professional Conduct as contextual background relevant to the Court's review of attorney compensation:

- Rule 3.7 (lawyer as witness);
- Rule 8.4(d) (conduct prejudicial to the administration of justice);
- Rules 1.6(b)(5) and 1.9(c) (permitting limited disclosure of confidential information when reasonably necessary to respond to allegations concerning representation).

The Debtors assert that:

- Mr. Jarvis' testimony concerned his own filings and professional conduct in this bankruptcy case;
- Limited disclosure of confidential information would have been permissible under Rules 1.6(b)(5) and 1.9(c) to address allegations regarding his representation; and
- Representations made to induce removal of public reviews, followed by refusal to provide assistance consistent with those representations, bear upon the reasonableness and value of the services provided.

The Debtors present these matters for the Court's consideration solely as they relate to the reasonableness of attorney compensation in this case.

### IV. AUTHORITY OF THE COURT

Under 11 U.S.C. § 329(b), this Court may examine the reasonableness of compensation paid or agreed to be paid to a debtor's attorney and may order the return of any excessive payment to the estate or the entity that made such payment.

Under 11 U.S.C. § 330(a), the Court may award only reasonable compensation for actual, necessary services rendered.

The Debtors respectfully request that the Court review the fees paid to or designated for Mr. Jarvis in light of the circumstances described above and determine whether redistribution to the Chapter 13 estate for payment to creditors is warranted.

**WHEREFORE, the Debtors respectfully request that this Court:**

1. Grant Mr. Jarvis' Motion to Withdraw as Counsel;
2. Conduct a review of attorney compensation pursuant to 11 U.S.C. §§ 329 and 330;
3. Order redistribution of any fees determined to be unreasonable, excessive, or unearned to the Chapter 13 estate for payment to creditors; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of February, 2026.

                                                          Brandi C Beddingfield

                                                                               Debtor, Pro Se

                                                                1124 Ridgecliff Drive

                                                                Rural Hall, NC 27045

                                                                    (336) 314-5347

                                                               bcsharpe@gmail.com

 

                                                                     Justin Beddingfield

                                                                      Debtor, Pro Se

                                                              1124 Ridgecliff Drive

                                                              Rural Hall, NC 27045

                                                                  (336) 314-3521

                                                             bcsharpe@gmail.com